UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEONARD R. WHITFIELD,

                     Petitioner,               **ORDER**
          -vs-                                         No. 01-CV-0914

FLOYD G. BENNETT, Superintendent,
Elmira Correctional Facility,

                     Respondent.
_____

      Petitioner, Leonard Whitfield ("Whitfield"), filed a *pro se* Petition (Docket #1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 7, 2001. He asserted claims under these three headings: (1) "ineffective assistance of counsel"; (2) "fair trial and due process"; and (3) "cruel and unusual punishment, Eighth Amendment violation". *See* Petition at 5-6 (Docket #1). With respect to his ineffective assistance of counsel claim, Whitfield alleged that

> counsel insistently refused to represent petitioner's best interests in that he did not locate a couple of alibi witnesses for petitioner/or [*sic*] did he try to interview them or bring them to the court's attention; he lied to the court when he told the court that he and the petitioner did not agree on a jury or trial by the judge, petitioner did not have any faith in counsel's integrity to represent him effectively.

Petition at 5 (Docket #1). Under the "fair trial and due process" heading, Whitfield stated that he

> felt that he stood a better chance with having a trial by the judge but [due] to his uninformed decision to proceed with a judge trial he found out that his trust was misplaced as the court was biased and prejudiced against him in that the court refused to recuse itself when counsel requested this and the court refused to assign another counsel, the court was also the court that tried petitioner's alleged accomplices and [was] already predisposed to petitioner's innocence or guilt.

*Id.* Finally, Whitfield asserted that his sentence was harsh and excessive, in light of his "actual involvement" in the crime as proven by the prosecution. He also stated that the sentence was in

violation of the Eighth Amendment. *See id.* at 6.

Respondent answered the Petition on March 22, 2002, and asserted the defense of non-exhaustion with respect to Whitfield's ineffective assistance of trial counsel claim. According to Respondent, Whitfield failed to appeal the trial court's denial of his motion to vacate based on the ineffective assistance of counsel claim and therefore did not complete one full round of review in the state courts. This Court has reviewed the pertinent state court records and it does not appear that Whitfield ever brought a substantive motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. Rather, Whitfield submitted two general motions and one Article 78 proceeding in an attempt to be provided with a copy of the trial transcript at no cost. In any event, Whitfield concedes that his ineffective assistance claim is unexhausted, but he justifies his failure to do so on the ground that he was unable to obtain copies of his trial transcripts.

On May 10, 2002, Whitfield submitted a pleading entitled "Traverse" in which he stated that he "has just now received the trial transcripts and, in view of this fact, [he] would like the opportunity to file a post conviction motion (440) so that the record will be complete for review[.]" Traverse at 4 (Docket #10). According to Whitfield, the claims that he intends to raise are "(1) Ineffective Assistance of Counsel (petitioner only listed Ineffective Assistance of Counsel and hereby clarifies the Ineffectiveness will apply to Trial and Appellate Counsel); (2) Fair Trial and Due Process by the Trial Court." *Id.* However, Whitfield did not provide any further information concerning the alleged grounds of ineffectiveness or how he was deprived of due process by the trial court. As his claim for relief, Whitfield asked that the Court "sustain [*sic*] the Application for Writ of Habeas Corpus, grant petitioner the opportunity to file a post

<conviction motion with the nisi prius courts[.]" This case was transferred to the undersigned on October 31, 2005. *See* Docket #11.

Construing his *pro se* submissions liberally, as it must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court deems Whitfield's Traverse to contain a request that his Petition be held in abeyance while he returns to state court in order to exhaust certain claims. As an initial matter, the Court observes that the one-year statute of limitations imposed by 28 U.S.C. § 2254(d)(1) has long since expired since the filing of a federal habeas petition does not toll the limitations period. *Duncan v. Walker*, 531 U.S. 991, 121 S. Ct. 2120, 150 L. Ed.2d 251 (2001). However, the Court notes that at the time Whitfield submitted his Traverse requesting that his Petition be held in abeyance, he had only used up 258 days on the one-year limitations period. If the Court were to dismiss the entire Petition without prejudice to Petitioner's refiling it after he has exhausted all of his claims, he certainly would find himself barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(1). However, had the Court issued a timely order when Petitioner filed his Traverse, Whitfield could have returned to state court and stopped the clock running on the limitations while he exhausted his claims. *See* 28 U.S.C. § 2244(d)(2).

In the interests of fairness, then, the Court will exercise its discretion to dismiss without prejudice Petitioner's unexhausted claims and stay the exhausted claims. *See Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir.) (holding that a district court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations), *cert. denied sub. nom. Fischer v. Zarvela*, — U.S. —, 122 S. Ct. 506, 151 L. Ed.2d 415 (2001). If Petitioner presents the unexhausted claims to the appropriate state courts and returns to this Court within the time-

limits set forth below, he will be permitted to amend his Petition to reinstate the claims and such amendment will relate back to the date of the original Petition.  *See Zarvela*, 254 F.3d at 381-382.

To clarify, Whitfield has raised the following claims in his original habeas Petition: ineffective assistance of trial counsel; denial of fair trial and due process; and harsh and excessive sentence. The "fair trial and due process" claim based on the trial judge's failure to recuse himself is exhausted. The sentencing claim also is exhausted. The only claim raised in the original Petition that was *not* exhausted is the ineffective assistance of trial counsel claim. The Court interprets Whitfield's statements in his Traverse to mean that he also intended to include, in addition to the three claims set forth in the original Petition, an ineffective assistance of appellate counsel claim.

There are three conditions to this stay. First, Petitioner must commence efforts to exhaust his unexhausted claims within **30 days** of his receipt of this Order. Second, he must file an Amended Petition with this Court within **30 days** of the completion of his efforts to exhaust, setting forth **in detail** the factual bases and legal grounds for all of the claims described in the original Petition and Traverse that he wishes to raise. Third, in the Amended Petition, Petitioner must describe the steps he has taken to exhaust all of these claims. If any condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the Petition may be dismissed if it is not still timely.  *See id*.  Accordingly,

**IT HEREBY IS ORDERED**, that to the extent Petitioner's claims in his Petition are unexhausted, those claims are dismissed without prejudice subject to the condition that Petitioner initiate efforts to exhaust these claims within **30 days** of the filing of this order and that

Petitioner return to this Court within **30 days** of the completion of the effort to exhaust;

**IT IS FURTHER ORDERED**, that this Petition is stayed pending Petitioner's exhaustion of the dismissed claims.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   April 18, 2006
         Buffalo, New York.